IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TOY STYLES,

    Plaintiff,

      v.

TRIPLE CROWN PUBLICATIONS,
LLC, *et al.*,

    Defendants.

CIVIL NO.: WDQ-11-3759

  *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

Toy Styles sued Triple Crown Publications, LLC ("TC Ohio"), Triple Crown Productions, LLC ("TC Nevada"), and Vickie Stringer for breach of contract and other claims. For the following reasons, the Court will deny Styles's motion to supplement her opposition to the Defendants' motion to amend the motion to dismiss, and grant the Defendants' motion to amend.[1]

I. Background[2]

Styles is an author, screenwriter, and movie producer who lives in Maryland. Compl. ¶ 7. Stringer is a literary agent who lives in Ohio and is the sole owner of TC Ohio and TC

---

[1] Although captioned as a motion for leave to file a motion to dismiss, the Court will construe it as a motion to amend because the motion seeks to replace the original motion to dismiss with a second motion to dismiss. The Court will deny as moot the original motion to dismiss, ECF No. 4.

[2] For purposes of the pending motions, the facts alleged in the complaint are accepted as true.

Nevada.  Compl. ¶ 8.  TC Ohio is an Ohio limited liability company with its principal place of business in Ohio, and TC Nevada is a Nevada limited liability company with its principal place of business in Nevada.  Compl. ¶¶ 2-3.

In 2005 and 2006, Styles and Stringer executed two author-publisher agreements whereby TC Ohio agreed to publish three of Styles's books.  Compl. ¶¶ 11-14.  Styles assigned TC Ohio her rights to the books during the copyright terms, and TC Ohio agreed to pay her royalties.  Compl. ¶¶ 15, 18-19.  Both agreements contained an arbitration clause providing that "[a]ny controversy arising under [the] [a]greement[s] shall be submitted to arbitration before the American Arbitration Association in Columbus, Ohio[.]"  Compl., Ex. 1 at 8, Ex. 2 at 8.

On June 15, 2007, TC Ohio gave Styles a royalty check for $7,069, which bounced.  Compl. ¶ 21.  On June 23, 2007, Styles called and emailed Stringer, but Stringer "was unresponsive and never submitted funds to rectify the situation."  Compl. ¶ 22.

On January 11, 2010, Styles received a deficiency notice from the Internal Revenue Service (the "IRS"), which stated that TC Ohio had claimed to have paid Styles $36,974 in 2007.  Compl. ¶ 26.  On January 21, 2010, Styles gave the IRS a statement of her actual earnings, and the IRS released Styles from any further obligation.  Compl. ¶ 27.

On April 4, 2010, TC Ohio assigned the rights to Styles's books to TC Nevada. Compl., Ex. 4.

On May 4, 2010, TC Ohio sent Styles three royalty checks, totaling $2,108. Compl. ¶ 30. The checks were back-dated to December 16, 2009, and bounced. *Id.* On May 5, 2010, Styles received a check for $2,108, which bounced. Compl. ¶ 31. On December 8, 2010, TC Ohio sent Styles a royalty check for $1,595, which bounced. Compl. ¶ 35.

On December 29, 2011, Styles sued for breach of contract, fraud, negligent misrepresentation, and a declaration that she owns her literary works. ECF No. 1.

On January 19, 2012, Stringer--purporting to represent herself, TC Ohio, and TC Nevada--moved to dismiss, arguing that the Court lacked personal jurisdiction over all the Defendants, Styles was required to arbitrate her claims, and venue was improper.[3] On February 2, 2012, Styles opposed the motion, arguing, *inter alia*, that Stringer "is not an attorney, and thus, has no authority to speak for the other Defendants." ECF No. 5 at 2. On February 21, 2012, Stringer filed a reply as "Attorney for the Defendants" but did not address the argument that she lacked authority to represent anyone but herself. ECF No. 8.

---

[3] ECF No. 4. Stringer moved alternatively to transfer venue. *Id.*

3

On February 23, 2012, Styles wrote the Court to restate her concern that Stringer "should not be allowed to act as an attorney on behalf of the other Defendants." ECF No. 6.  On February 24, 2012, the Court informed Stringer that "[a]ll parties other than individuals must be represented by counsel," and ordered her to inform the Court by March 2, 2012, of the bars to which she had been admitted.  ECF No. 7 (*citing* Local Rule 101.1(a) (D. Md. 2011)).

On March 1, 2012, Dipo Akin-Deko, Esquire, entered an appearance as counsel for all the Defendants,[4] and moved to amend the motion to dismiss.[5]  The proposed amended motion to dismiss argued that Styles had to arbitrate her claims, venue was improper, Styles's claims were time-barred, and Styles could not sue Stringer in her personal capacity.  ECF No. 9-3.  On March 8, 2012, Styles opposed the motion to amend.  ECF No. 11.  On March 21, 2012, the Defendants filed a reply.  ECF No. 12.

On March 27, 2012, Styles moved to supplement her opposition to the motion to amend.  ECF No. 13.  On April 3,

---

[4] ECF No. 10.  Although the notice of appearance states that Akin-Deko represents only Stringer and TC Ohio, it was docketed as a notice of appearance "on behalf of [a]ll Defendants."

[5] ECF No. 9.  The Defendants moved for leave "to file a proper motion to dismiss," and attached a motion captioned "Defendants['] Motion to Dismiss for Lack of Jurisdiction[,] or in the Alternative to Compel Arbitration[,] [and] Failure to State a Claim upon Which Relief Can Be Granted."  *See* ECF No. 9-3.

2012, the Defendants opposed the motion to supplement.  ECF No. 14.  On April 12, 2012, Styles filed a reply.  ECF No. 15.

II. Analysis

   A. Motion to Supplement

      Styles has moved to supplement her opposition to the Defendants' motion to amend with a certification by the Ohio Secretary of State that TC Ohio has been dissolved.  ECF No. 13. Styles contends that the certification is relevant because the Defendants have argued that Styles must arbitrate her claims, "TC Ohio is the only Defendant that could possibly argue that it is entitle[d] to arbitration," and TC Ohio lacks standing to demand arbitration if it is no longer a legal entity.  *See* ECF No. 15 at 1.

      The Defendants counter that the motion to supplement "argue[s] substantive matters that should be addressed in [a] response to a motion to dismiss."  ECF No. 14 at 2.  They contend that the proposed supplement is irrelevant to the Court's decision whether to grant the motion to amend the motion to dismiss.  *Id.*

      The Court will deny the motion to supplement because the supplemental exhibit will not "aid in this Court's decision" whether to allow the Defendants to amend the motion to dismiss.[6]

_____

[6] *See Casey v. Litton Loan Servicing, LP*, Case No. RDB-11-0787, 2012 WL 502886, at *7 (D. Md. Feb. 14, 2012) (denying motion to

Whether TC Ohio has been dissolved--and what effect, if any, that would have on Styles's need to arbitrate her claims--goes to the merits of the Defendants' motion to dismiss, not whether the Court should permit the Defendants to amend the motion. The Defendants argue in both motions to dismiss that Styles is required to arbitrate her claims, *see* ECF Nos. 4-1 and 9-3, and the propriety of amending a motion to dismiss depends on prejudice to the plaintiff and judicial economy, *see infra* Part II.B. Thus, the Court will deny Styles's motion to supplement her opposition.

B. Amending the Motion to Dismiss

In the original motion to dismiss, Stringer argued that the Court lacked personal jurisdiction, venue was improper, and Styles was required to arbitrate her claims. ECF No. 4. The Defendants have moved under Fed. R. Civ. P. 15(a) to replace that motion with one that argues that Styles has to arbitrate her claims, venue is improper, Styles's claims are time-barred, and Styles cannot sue Stringer in her personal capacity. *See* ECF No. 9 at 1; ECF No. 9-3.

Styles--who also refers to Rule 15(a)--counters that the Court should deny the motion to amend because the Defendants have acted in bad faith. ECF No. 11 at 3. She contends that

---

supplement opposition to motion to dismiss when the supplement "would not aid in this Court's decision").

Stringer "clearly knew" that she could not represent TC Ohio or TC Nevada but refused to hire an attorney before filing the original motion to dismiss. *Id.* at 3-4. Styles further argues that the amendment would be futile because the new motion to dismiss is "fundamentally flawed." *Id.* at 3. Styles contends that TC Ohio "is a defunct entity [that] does not have standing," and any arbitration requirement ended when TC Ohio stopped doing business. *Id.*

Rule 15(a) does not apply. Under Rule 15(a)(2), leave to amend a pleading should be "freely" granted unless the amendment would be prejudicial, futile, or reward bad faith. *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). But a "motion to dismiss . . . is not a pleading." *Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993).

Rule 12 governs motions to dismiss. Rule 12(g) generally prohibits successive motions to dismiss,[7] and Rule 12(b) provides that certain defenses--including failure to state a claim, improper venue, and lack of subject matter jurisdiction--must be raised in a motion to dismiss before filing an answer. Rule 12(h)(3) allows the Court to dismiss for lack of subject matter

---

[7] *See* Fed. R. Civ. P. 12(g) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

jurisdiction anytime, and Rule 12(h)(2) allows a defendant to raise a failure to state a claim in an answer, in a motion for judgment on the pleadings, or at trial.

"A technical reading of [these rules] appears to prevent defendants from filing successive pre-answer motions to dismiss," but "many courts have interpreted these rules permissively and have accepted subsequent motions on discretionary grounds." *Fed. Trade Comm'n v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 383 (D. Md. 2009). "Such a permissive reading . . . comport[s] with the general spirit of the rules and as promoting the interests of efficiency."[8]  Other courts have considered prejudice to the plaintiff[9] and judicial

---

[8] *Innovative Mktg., Inc.*, 654 F. Supp. 2d at 383-84. *See also Dart Drug Corp. v. Corning Glass Works*, 480 F. Supp. 1091, 1095 n.3 (D. Md. 1979) (even when a defense can "be raised in a judgment on the pleadings or at trial," it is "far more efficient to [address] the arguments prior to more extensive discovery").

[9] *See AIG Europe, S.A. v. MIH Scrap Metals Int'l, LLC*, Case No. 09-cv-612A, 2010 WL 2720593, at *1 n.1 (W.D.N.Y. July 6, 2010) (allowing defendant to amend its motion to dismiss because "[t]he amendment ha[d] caused no prejudice to plaintiffs since they had not responded to the original motion when the amended motion was filed"); *Wrenn v. Freeman*, 894 F. Supp. 244, 246 (E.D.N.C. 1995) (allowing defendants to amend their motion to dismiss to correct a citation because it would "not prejudice plaintiffs in any respect"); *Cross v. Simons*, 729 F. Supp. 588, 590 n.1 (N.D. Ill. 1989) (amendment to motion to dismiss "was properly allowed given that the court had not yet ruled on the defendants' motion to dismiss and . . . the plaintiff was given an opportunity to respond to the newly asserted defense"); *Britton v. Cann*, 682 F. Supp. 110, 113 (D.N.H. 1988) (allowing defendant to amend the motion to dismiss, because, *inter alia,*

8

economy[10] in deciding whether to allow amendments to a motion to dismiss.[11]

The Court will permit the Defendants to amend the motion to dismiss. The Court has not ruled on the first motion to dismiss, and Styles will have the opportunity to respond to the amended motion. Thus, Styles will not suffer any prejudice. *See Cross*, 729 F. Supp. at 590 n.1. Moreover, allowing the amendment furthers judicial economy. "There is simply no reason to put [the Defendants] to the time and expense of filing an answer, or both [the Defendants and Styles] to the time and expense of addressing . . . issue[s] to be raised later in a motion for judgment on the pleadings, when [the issues] can easily be resolved now." *In re Westinghouse Sec. Litig.*, No. A-91-354, 1998 WL 119554, at *6 (W.D. Pa. Mar. 12, 1998). Accordingly, the Court will allow the Defendants to amend the

---

the motion to amend was "filed before plaintiff objected to the first motion" and there was "no evidence . . . that plaintiff suffered a loss or endangerment of his rights due to the one-week delay between submission of the two motions").

[10] *See, e.g.*, *Kwok v. Recontrust Co., N.A.*, Case No. 2:09-cv-2298-RLH-LRL, 2010 WL 2555615, at *1 (D. Nev. June 23, 2010) (denying motion to amend motion to dismiss because it would "not [have] serve[d] judicial economy"; the amended motion "ma[de] the same arguments and ask[ed] for the same relief").

[11] *See also* 5C Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 1389 (3d ed.) ("Although not expressly provided for in Federal Rule 12(g), a preliminary motion may be amended to include a defense or objection inadvertently omitted by the movant.").

motion to dismiss.

III. Conclusion

For the reasons stated above, the Court will deny Styles's motion to supplement her opposition to the Defendants' motion to amend the motion to dismiss, and grant the Defendants' motion to amend.

_5/29/12_
Date

_____
William D. Quarles, Jr.
United States District Judge